IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JERRY LEE SMITH                                                                                PLAINTIFF
ADC #176756

v.                                        3:23-cv-00103-BSM-JJV

DOES                                                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### I.   DISCUSSION

Jerry Lee Smith ("Plaintiff") is a prisoner in the North Central Unit ("NCU") of the Arkansas Division of Correction . He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging unnamed officers at the NCU have failed to protect him from harm by falsely accusing him of being a "Chomo," "baby raper," and "sex offender" in front of other inmates. (Doc. 1 at 4.) Plaintiff brings this claim against the unknown NCU officers (Doe Defendants) in their official capacities only. After careful consideration, I recommend the Complaint be dismissed

without prejudice for the following reasons.[1]

The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). The Doe Defendants are state officials. And, the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, Plaintiff cannot recover monetary damages against them in their official capacities.

In contrast, sovereign immunity does not bar Plaintiff's request for injunctive relief. *Larson v. Kempker,* 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. Arkansas,* 127 F.3d 750, 754 (8th Cir. 1997). But to proceed with an official capacity claim for injunctive relief there must be facts suggesting the constitutional violation was caused by an unconstitutional policy or custom. *Taylor v. Selig*, No. 10-2200, 2011 WL 521128, *1 (8th Cir. Feb. 16, 2011); Hood v. Norris, No. 04-3854, 2006 WL 1913430, *1 (8th Cir. Jul. 12, 2006); *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989). The facts in the Complaint suggest the Doe Defendants acted on their own accord and not pursuant to an official policy or custom. Thus, Plaintiff has not pled a plausible official capacity claim.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 4.) The time for Plaintiff to file an Amended

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Complaint has passed. Thus, for the reasons explained herein, I recommend the Complaint be dismissed without prejudice for failing to plead a plausible claim for relief.

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.     The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 30th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE